UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID SOLOMON, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,

                          Plaintiff,

              – against –

A + VALET PARKING INC. and CARLOS SARAVIA,

                         Defendants.

**ORDER**

22 Civ. 7331 (ER)

Ramos, D.J.:

      On August 27, 2022, David Solomon brought this action against A + Valet Parking and Carlos Saravia, alleging violations of the Fair Labor Standards Act. Doc. 1.

      A + Valet Parking was served on September 6, 2022 and was required to answer by September 27, 2022. Doc. 6. To date, A + has not answered. On October 7, 2022, the Court issued an order, instructing Solomon to file a status report by no later than October 14, 2022 and noting that failure to do so may result in dismissal of his claims against A+ Valet Parking for failure to prosecute.

      On October 13, 2022, Solomon filed a letter advising that it was in the process of serving Saravia[1] and moving for default judgment against A+ Valet Parking. Doc. 8. That same day, Solomon filed an affidavit seeking default judgment and a proposed clerk's certificate of default against A+ Valet Parking. Docs. 9, 10. The Clerk of Court entered the certificate of default later that day. Doc. 11.

---

[1] Solomon was required to execute service upon Saravia by November 25, 2022.

By November 28, 2022, Solomon had not taken any other steps to move for default judgment against A+ Valet Parking pursuant to the Default Judgment Procedure of the Individual Practices of the Court. Additionally, Solomon had not served Saravia. Accordingly, on November 28, 2022, the Court issued an order, directing Solomon to either (1) move for default judgement and serve Saravia or (2) provide the Court another status update, by December 5, 2022. Doc. 12. The Court warned that failure to do so could result in dismissal of the case for failure to prosecute. *Id.* To date, Solomon has not moved for default judgment, served Saravia, or filed another status report.

"Although the text of [Federal Rule of Civil Procedure 41(b)] expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

A district court considering dismissing a plaintiff's case pursuant to Rule 41(b) should consider: (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See id.* (citing *Alvarez v. Simmons Mkt. Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir. 1988); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 2001).

While the Court recognizes the severity of a Rule 41(b) dismissal, such remedy is here appropriate. As to the first and second factors, despite the clear warnings by the Court on both October 13 and November 28, 2022, Solomon has continued to fail to prosecute his case over the

course of the past *five months* by failing to serve Saravia and move forward with default judgment. Courts in this District have dismissed cases where plaintiff has delayed only three months. *See, e.g.*, *Yadav v. Brookhaven Nat. Lab'y*, 487 F. App'x 671, 673 (2d Cir. 2012). As to the third factor, the Court presumes that Defendants have been prejudiced—and will continue to be prejudiced by further delay—in light of the failure of Solomon to move his case forward for this lengthy period of time. *See Beauford v. Doe #1*, No. 04 Civ. 7533 (JGK), 2007 WL 549432, at *1 (S.D.N.Y. Feb. 16, 2017).

As to the fourth factor, the Court sought to protect Solomon's right to due process by warning that his failure to serve Saravia and move for a default judgment—or to otherwise provide the Court an update—would result in the dismissal of his action. Lastly, Solomon has provided this Court little, if any, reason to suspect that he would be responsive if lesser sanctions or court orders were imposed. *See Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A.*, No. 06 Civ. 2390 (LAP), 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010).

Accordingly, for the reasons set forth, the Court hereby dismisses this action in its entirety pursuant to Rule 41(b). The Clerk of Court is respectfully directed to terminate this case.

It is SO ORDERED.

Dated:   Janury 27, 2023
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.